UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY SCHLEUDERER,

                              Plaintiff,

-against-                                                            1:25-CV-155 (LEK/DJS)

TOWN OF WOODSTOCK, *et al.*,

                              Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On December 23, 2024, Plaintiff Anthony Schleuderer commenced this action in the Supreme Court of the State of New York, County of Ulster against Defendants Town of Woodstock ("Town"), Chief of Police Clayton Keefe, and Town Supervisor Bill McKenna (collectively "Town Defendants"), for alleged wrongdoing during his time as a Police Officer with the Town of Woodstock Police Department. Dkt. No. 2 ("Complaint"). On February 03, 2025, Defendants removed the case to the U.S. District Court for the Northern District of New York. Dkt. No. 1. Defendants then filed a motion to dismiss the Complaint. Dkt. No. 4 ("Motion"). Plaintiff filed a response, Dkt. No. 10 ("Response"), and Defendants filed a reply, Dkt. No. 11.

For the reasons that follow, Defendants' Motion is granted.

**II.    BACKGROUND**

The factual summary of this action is taken from the Complaint and the attached exhibits.

Plaintiff began working as a Police Officer for the Town of Woodstock in late 2011. *See* Compl. ¶¶ 7, 8. In March 2023, Plaintiff received a diagnosis of Parkinson's Disease, and

afterwards, "informed [Defendants] of his diagnosis and expressed his desire to remain employed with the police department." *Id*. ¶¶ 9, 10. Plaintiff stated that he "began experiencing difficulties" maintaining his firearms qualification, but "was otherwise capable of performing the essential functions of his job." *Id.* ¶ 11.

Plaintiff made multiple requests for a "reasonable accommodation" to continue on as an Officer, seeking to transition to roles "such as a dispatcher." *Id*. ¶¶ 12, 14. Such requests were either "ignored or outright denied by Defendants." *Id*. ¶ 14. Defendants "insist[ed] that Plaintiff could not remain employed as a police officer unless he passed the firearms qualification, despite his demonstrated ability to perform other duties." *Id.* at ¶ 13. Plaintiff also "inquired about taking the Civil Service examination . . . to qualify for a full-time dispatcher position," but "Defendants subverted the New York Civil Service Law by appointing two part-time employees to perform work of a full-time dispatcher position." *Id*. ¶¶ 16, 17. Further, "Defendants took adverse actions against Plaintiff, including instructing him to exhaust his personal leave and indicating that he would need to step down or face termination." *Id*. ¶ 15.

On January 5, 2024, Plaintiff was fired from his role as a Police Officer "without a hearing or an open forum discussion with the Town of Woodstock Board." *Id.* ¶¶ 18, 19. Subsequently, "[p]laintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination and retaliation," and the EEOC issued Plaintiff a "Right to Sue Letter" on September 24, 2024. *Id.* ¶¶ 20, 21.

Plaintiff brings five claims against the Town Defendants pursuant to: 1) Americans with Disabilities Act (ADA); 2) Civil Rights Act of 1964; 3) 42 U.S.C. § 1983; 4) New York's Civil Service Law (NYCSL); and 5) New York's Human Rights Law (NYHRL).

Plaintiff seeks, inter alia, 1) a declaratory judgment that Defendants violated the ADA, Title VII, 42 U.S.C. § 1983, New York Civil Service Law, and New York's Human Rights Law; 2) an injunction requiring Defendants to provide reasonable accommodations to the Plaintiff and end their "discriminatory practices;" and 3) compensatory and punitive damages. *See* Compl. at 5.

## III.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Id.* at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. *Id.* at 679.

3

## IV. DISCUSSION

Defendants support their Motion with several arguments. The Court considers each of Defendants' arguments below.

### A. Timeliness

Defendants contend that Plaintiff failed to timely file his ADA claim because "the instant lawsuit was filed . . . on December 26, 2024," three days after the time period established in EEOC "Right to Sue Letter," had lapsed. Mot. at 9–10.[1] "In order to be timely, a claim under the ADA must be filed in federal district court within 90 days of the [Plaintiff's] receipt of a right-to-sue letter from the EEOC." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). As Defendant describes, both "[P]laintiff and his counsel were emailed the EEOC 'Right to Sue Letter' on the September 2024 date," which ultimately required that the instant suit be filed no later than December 23, 2024. Mot. at 10; Ex. B. Defendant points to the December 26, 2024 date printed on the Complaint as evidence that Plaintiff failed to timely file their Complaint. Plaintiff avers that the date the Defendant identifies is a "typographical error" and that "the proof of the documents' filing on December 2<u>3</u>, 2024 . . .is the date that controls." Resp. at 12–13.

Plaintiff clearly met this requirement. The Complaint, in conspicuous, bold lettering, reads: **FILED: ULSTER COUNTY CLERK 12/23/2024 03:10 PM**. *See* Compl. at 1. Perhaps Defendant erroneously confused the date the Complaint was received in the State Court's electronic filing system as December 26, 2024. "It is well established, however, that when papers are mailed to the clerk's office, filing is complete . . . upon the clerk's receipt of those papers."

---

[1] Citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

4

*Nearhood v. Tops Markets, Inc.*, 76 F. Supp. 2d 304, 305 (W.D.N.Y. 1999) (citing *U.S. v. White*, 980 F.2d 836, 845 (2d Cir.1992)). Given that the Complaint appears to have been accepted by the Ulster County Clerk on December 23, 2024, the Complaint is timely.

Accordingly, Defendants' motion to dismiss Plaintiff's Complaint for failure bring this suit within the period allowed by EEOC is denied.

### B. Federal Law Claims

#### 1. *There is no individual liability under the ADA or Title VII.*

Defendants further contend that Counts I and II of the Complaint should be dismissed as to the individual Defendants Keefe and McKenna, because there can be no individual liability under the ADA or Title VII. Mot. at 6, 9. The Court agrees.

"[T]he ADA does not provide for individual liability in the employment context." *Butrym v. Sarsick*, No. 20-CV-292, 2021 WL 1927073, at *3 (N.D.N.Y. May 13, 2021) (citing *Spiegel v. Schulmann*, 604 F.3d 72, 79–80 (2d Cir. 2010) (per curiam)). Similarly, courts in this Circuit have held that Title VII does not provide for individual liability. *See, e.g.*, *Smith v. New York City Hous. Auth.*, No. 25-CV-283, 2025 WL 1031063, at *2 (E.D.N.Y. Apr. 7, 2025) ("Title VII does not provide for individual liability; rather, only the employer may be named.") (citing *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)); *Edelman v. NYU Langone Health Sys.*, 708 F. Supp. 3d 409, 436 (S.D.N.Y. 2023) (citing *Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 62 (2d Cir. 2016) (summary order)).

Here, Plaintiff's allegations under the ADA and Title VII are against two individuals, Clayton Keefe and Bill McKenna, in addition to the Town. Therefore, Plaintiff's ADA and Title VII claims against the individuals must be dismissed.

5

Accordingly, Plaintiff's ADA and Title VII claims as against Defendants Keefe and McKenna are dismissed with prejudice.

2.  *Plaintiff has not stated a claim for relief under the ADA.*

As to Plaintiff's ADA claim against the Town, he alleges 1) he was terminated because of his disability, and 2) he was denied a reasonable accommodation despite his request. Compl. ¶¶ 12–14, 19, 24. Defendants argue that Plaintiff cannot adequately state a claim for relief under the ADA because he has failed to allege how his Parkinson's diagnosis affects a "major life activity," and further, how such an activity has been "substantially limited" by his condition. Mot. at 8–9. Defendants' arguments carry the day.

The ADA prohibits discrimination in employment against any "qualified individual on the basis of disability in regard to . . . [the] discharge of employees." 42 U.S.C. § 12112(a). "Discrimination claims under the ADA may be brought under a theory of adverse employment action or of failure to provide reasonable accommodation." *Berger v. N.Y. City Police Dep't*, 304 F. Supp. 3d 360, 368 (S.D.N.Y. 2018). To state an adverse employment action claim under the ADA, a plaintiff must allege "(1) the employer is subject to the ADA; (2) [] [P]laintiff is disabled within the meaning of the ADA or perceived to be so by [Plaintiff's] employer; (3) [Plaintiff] was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) [Plaintiff] suffered an adverse employment action; and (5) the adverse action was imposed because of [Plaintiff's] disability." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). "Under the last element, a plaintiff must show that the adverse employment action 'took place under circumstances giving rise to an inference of discrimination'" *Id.* (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). Moreover, "[a] failure-to-accommodate claim considers the same first three factors, but for the

6

fourth factor the question is whether the employer has refused to make a reasonable accommodation." *Butrym v. Sarsick*, No. 20-CV-292, 2021 WL 1927073, at *4 (N.D.N.Y. May 13, 2021) (cleaned up). Defendants contend that Plaintiff is not disabled within the meaning of the ADA and therefore has failed to meet the second prong of the test. Mot. 8–9.

The ADA defines a "disability" as any "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Though, "[n]ot every impairment is a 'disability' within the meaning of the ADA." *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005). To prove they are disabled, a plaintiff must show: (1) the impairment limits a "major life activity" and (2) the limitation is "substantial." *Id*. Major life activities include activities such as walking, standing, and working. 42 U.S.C. § 12102(2)(A). An impairment is substantial if it "significantly restricts the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." *McSweeney v. Cohen*, 776 F. Supp. 3d 200, 235 (S.D.N.Y. 2025) (citing *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 871 (2d Cir. 1998)). But "the inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Woolf v. Strada*, 949 F.3d 89, 95 (2d Cir. 2020). Accordingly, under *Woolf*, "a plaintiff alleging a work-related disability must show that his condition precludes him from working in a *class or broad range of jobs*." *Id.* at 95 (alteration in original)

Here, Plaintiff has not plausibly alleged a disability within the meaning of the ADA. The Complaint explains that "[d]ue to his [Parkinson's] condition, Plaintiff began experiencing difficulties with certain job functions, including firearms qualification," but "[d]espite these challenges, [he] was otherwise capable of performing the essential functions of the job." Compl.

7

¶ 11. Further, Plaintiff's EEOC Letter explains that he "was permitted to continue his work as a police officer despite that he did not qualify on the shooting range." Dkt. 10-1 at ¶ 11. Nowhere in his Complaint or Response does Plaintiff explain how his condition substantially impairs his ability to perform a major life activity or how this condition "precludes him from working in a *class or broad range of jobs*." *Woolf*, 949 F.3d at 95. To the contrary, Plaintiff's EEOC Letter suggests he was able to continue working as a police officer despite his condition. Dkt. 10-1 at ¶ 11. While the Court agrees that Parkinson's is a serious medical condition, "[h]aving a diagnosed disability does not automatically equate to having a 'disability' as defined under the ADA." *Stevens v. City of Oneonta*, No. 21-CV-1258, 2024 WL 3595565, at *13 (N.D.N.Y. July 31, 2024), *aff'd*, No. 24-CV-2334, 2025 WL 1466186 (2d Cir. May 22, 2025) (summary order).

Accordingly, Plaintiff's ADA claim against the Town is dismissed.[2]

### 3. Plaintiff cannot state a claim for relief under Title VII.

Plaintiff brings a Title VII claim against the Town alleging the "Defendant[] discriminated against [him] based on his disability." Compl. ¶ 31. But "Title VII does not prohibit discrimination based upon disability." *Billings v. New York State Dep't of Corr. & Cmty. Supervision*, 2021 WL 4150925, at *4 n.2 (S.D.N.Y. Sept. 10, 2021); *see Lee v. Saul*, 802 Fed. App'x 663, 664 (2d Cir. 2020) ("[D]iscrimination and retaliation based only on physical disability ... is not covered by Title VII."). Accordingly, Plaintiff's Title VII claim is dismissed with prejudice.

---

[2] In his Response, Plaintiff asks this Court to sua sponte add a claim to the Complaint under 29 U.S.C. § 794. *See* Resp. 22–23. The Court declines because this is a new cause of action raised in the Response and "[p]laintiffs cannot introduce new claims in opposition to a motion to dismiss." *In re Eastman Kodak Co. Sec. Litig.*, 632 F. Supp. 3d 169, 187 n.2 (W.D.N.Y. 2022) (citing *Mathie v. Goord*, 267 F. App'x 13, 14 (2d Cir. 2008)).

### 4. *Plaintiff's 42 U.S.C. § 1983 claim also fails.*

Plaintiff also alleges that Defendants "discriminat[ed] against him based on his disability" in violation of Section 1983. Compl. ¶ 31. Yet, "courts in this Circuit have long held that 'claims of employment discrimination based on disability,' including disability-based retaliation claims, 'are not cognizable under [Section] 1983.'" *Baptiste v. City Univ. of New York*, 680 F. Supp. 3d 415, 425–26 (S.D.N.Y. 2023) (quoting *Bonds v. County of Westchester*, No. 19-CV-1712 (KMK), 2020 WL 4347704, at *8 (S.D.N.Y. July 28, 2020)); s*ee also Apatow v. Town of Stratford*, 651 F.Supp.3d 573, 584 (D. Conn. 2023) ("The rule barring section 1983 claims arising out of disability discrimination in this context also applies to employment retaliation based on disability.") (internal quotes omitted); *Dotson v. City of Syracuse*, No. 18-CV-750, 2019 WL 2009076, at *11 (N.D.N.Y. May 7, 2019) ("[T]he courts [in this Circuit] have uniformly held that disability discrimination claims cannot proceed under Section 1983 because there are specific statutes that provide for such relief.") (collecting cases).

Therefore, Plaintiff's Section 1983 claim against the Town Defendants is dismissed with prejudice.

### C. State Law Claims

Given that the bases for this Court's federal question jurisdiction have been disposed of, the Court will not exercise supplemental jurisdiction over Plaintiff's NYCSL and NYHRL claims. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court "may decline to exercise supplemental jurisdiction over [pendent state law claims] if ... the district court has dismissed all claims over which it has original jurisdiction"); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 n.6 (2d Cir. 2017) ("[A] district court may decline to exercise supplemental jurisdiction

over state and local law claims if it has dismissed all claims over which it has original jurisdiction.").

Accordingly, any state law claims Plaintiff wishes to bring against Defendants are dismissed.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to Dismiss, Dkt. No. 4, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Title VII and Section 1983 claims against the Town Defendants are **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's ADA claim against Defendants Keefe and McKenna is **DISMISSED with prejudice**; and it is further

**ORDERED**, that Plaintiff's ADA claim against the Town is **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff's state law claims against the Town Defendants are **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    September 23, 2025
          Albany, New York

LAWRENCE E. KAHN
United States District Judge